UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**BRIAN LAVOIE,**

    **Plaintiff,**

v.                                                                                                   Case No:

**CITY OF ALBANY,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, BRIAN LAVOIE, hereby sues Defendant, CITY OF ALBANY, and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2.      This is an action involving claims which are, individually, in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, BRIAN LAVOIE, has been a resident of the State of Georgia and has been employed by Defendant. Plaintiff is a member of a protected class because of his race, white.

4.      At all times pertinent hereto, Defendant, CITY OF ALBANY, has been organized and conducting business under the laws of the State of Georgia. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the EEOC and has appended his Notice of Right to Sue hereto

which authorizes the filing of this action.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began working for Defendant in or around December 27, 1993.  During his employment with Defendant, Plaintiff has been denied promotions due, at least in part, to his race.  Plaintiff and other white employees have been paid less than their African American counterparts.

7. Specifically, but without limitation, in or around June, 2009, he applied for the position of Captain.  On or about September 25, 2009 a memorandum was issued by the Chief of Police indicating that all of the candidates selected for the position of Captain have been notified.  On or about December 2, 2009, the Chief of Police issued a memorandum announcing the name of the individuals who were selected for the position of Captain.  Five of the six individuals who were selected are African American.  The only white individual selected for Captain was an external candidate.

8. Plaintiff has been denied promotions while less experienced African Americans have been promoted over him.  At all relevant times, Plaintiff's qualifications exceeded the qualifications of those who were selected for promotion to Captain.

9. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for their services.  Defendant should be made to pay said fee under 42 U.S.C. §2000e et seq..

## COUNT I - RACE DISCRIMINATION

10. Paragraphs 1-9 are realleged and incorporated herein by reference.

11. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq..

12. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendant who were African American.

13. Defendant is liable for the differential treatment towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

14. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

15. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendant.

16. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e <u>et seq.</u>.

17. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) An injunction restraining continuing violations of the laws;

(b) Compensation for loss wages, benefits, and other remuneration;

(c) Damages as allowed by law;

(d) Attorney's fees, costs and cost of this action, and

(e) Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 7th day of January, 2011.

Respectfully submitted,

/s/ *David G. Sullivan*
David G. Sullivan [GBN 141754]
SOLOMON, SULLIVAN, ROMO,
   & DURRETT
150 John Knox Road
Tallahassee, Florida  32303
Telephone: (850) 385-6668
Facsimile: (850) 385-3750
COUNSEL FOR PLAINTIFF