**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| BRIAN LAVOIE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:11-CV-009 (WLS) |
| : | |
| CITY OF ALBANY, : | |
| : | |
| Defendant. : | |
| _____ : | |

### ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 31). For the following reasons, Defendant's Motion for Summary Judgment (Doc. 31) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.    PROCEDURAL BACKGROUND

Plaintiff Brian LaVoie, a Caucasian man, filed the above-captioned action on January 7, 2011, against the City of Albany. (Doc. 1.) In his initial Complaint, Plaintiff alleged a claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. (Id.) On October 27, 2011, with leave of the Court, Plaintiff filed an Amended Complaint to include a claim for unlawful retaliation. (Doc. 20.)

On June 21, 2012, Defendant filed a Motion for Summary Judgment, along with its "Statement of Undisputed Material Facts," as required by Local Rules 56 and 7.1. (Doc. 31; Doc. 31-2.) Per Defendant, Plaintiff has failed to establish a *prima facie* case for his discrimination or unlawful retaliation claims. (*Id.*) Plaintiff filed a response in opposition to Defendant's motion on August 13, 2012. (Doc. 44.) Contemporaneously

1

with this response, Plaintiff filed a "Statement of Facts." (Doc. 39.) Plaintiff did not, however, file a responsive statement of facts, as is required by the Local Rules. (*See* Docket; *see also* M.D. Ga. L.R. 56 and 7.1.) Defendant filed its reply on September 7, 2012. (Doc. 49.) Defendant did not file a responsive statement of facts to Plaintiff's "Statement of Facts." All of the briefing for Defendant's Motion for Summary Judgment has concluded, and the Court finds that Defendant's Motion for Summary Judgment is ripe for review.

## II. RELEVANT FACTUAL BACKGROUND

The following facts are derived from the Amended Complaint (Doc. 20); Defendant's Answer (Doc. 3)[1]; Defendant's Statement of Undisputed Facts (Doc. 31-2); and Plaintiff's Statement of Facts[2], all of which were submitted pursuant to Local Rule 56[3]; and the record in this case. Where relevant, the factual summary also contains

---

[1] Defendant did not file an Answer to Plaintiff's Amended Complaint.

[2] As noted above, Plaintiff did not file a responsive statement of facts. Local Rule 56 makes clear that: "The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried." If the nonmovant does not specifically controvert the moving party's statement of material facts in a separate statement, all material facts "shall be deemed to have been admitted, unless otherwise inappropriate." Because Plaintiff failed to properly dispute Defendant's material facts as is required by the Local Rules, all of Defendant's material facts provided in its Statement of Material Facts (Doc. 31-2) are deemed admitted by operation of Local Rule 56. Nevertheless, the Court is still required to make an independent review of the record before deciding Defendant's Motion for Summary Judgment. It must be noted, however, that "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

[3] Local Rule 56 states:

> The movant for summary judgment under Rule 56 of the Federal Rules of Civil Procedure shall attach to the motion a separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact shall be numbered separately. Statements in the form of issues or legal conclusions (rather than material facts) will not be considered by the court. Affidavits and the introductory portions of briefs do not constitute a statement of material facts.
>
> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in

undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Plaintiff as the nonmovant. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56.

In December 1993, Plaintiff was hired by the City of Albany Police Department (hereinafter referred to as "APD"). (Doc. 31-2 ¶ 1; Doc. 39 ¶ 2.) In July 2008, Plaintiff became a Lieutenant with the APD. (Doc. 39 ¶ 22.) Defendant states that, in June 2008, Plaintiff was placed in an "acting" status lieutenant role by former Albany Police Chief James Younger. (Doc. 31-2 ¶ 5.) Though Plaintiff does admit that he was in an "acting" position from 2008-2010, he asserts that he earned Lieutenant's pay, wore Lieutenant strips, was referred to as Lieutenant verbally and in documents, and performed all of the duties of a Lieutenant. (Doc. 39 ¶ 29.)

On June 8, 2009, the City advertised an opening for the position of Police Captain. (Doc. 39 ¶ 41.) Plaintiff applied for this position as an internal candidate. (Doc. 31-2 ¶ 3.) By memorandum dated September 25, 2009, all confirmed/notified captains and candidates were informed that the candidates selected to assess for the police captain position were notified via mail. (Doc. 39-13.) The screening process was conducted by the Georgia Association of Chiefs of Police ("GACP"), the entity hired by the City of Albany to conduct an assessment center to fill a vacancy in the position of

---

> respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate. The response that a party has insufficient knowledge to admit or deny is not an acceptable response unless the party has complied with the provisions of Rule 56(f) of the Federal Rules of Civil Procedure.
>
> All documents and other record materials relied upon by a party moving for or opposing a motion for summary judgment shall be clearly identified for the court. Where possible, dates, specific page numbers, and line numbers shall be given.

M.D. Ga. R. 56.

Captain in the APD. (Doc. 31-3 ¶ 8.) Plaintiff was not one of the individuals selected to assess for the police captain position. (Doc. 39 ¶¶ 47-49.)

On October 2, 2009, Plaintiff submitted an appeal to John Proctor, Chief of Police, regarding the Captains Promotional Assessment Eligibility. (*Id.* ¶ 57.) Chief Proctor denied Plaintiff's appeal on October 5, 2009. (Doc. 39-15.) In the appeal denial, Chief Proctor stated that Plaintiff was "neither 'disqualified' nor otherwise determined ineligible for competition in the promotional process for the position of captain." (*Id.* at 1.) Chief Proctor also stated that Plaintiff, "while meeting the minimum qualifications for the position, [his] qualifications were not considered as strong as those of the eleven (11) individuals whose names were included on the 'short list.'" (*Id.* at 2.) On or about October 26, 2009, it was revealed that the following candidates were selected to assess for the police captain position: internal candidates, Lt. Benita Childs, Commander Darrin Abner, Lieutenant Ryan Ward, Commander Kendra Wilson, Lt. Reginald Brown, and external candidates, Russell Barnes, Wesley Walker, and Lt. Eddie Jones. (Doc. 39-12.) Childs, Abner, Ward, Wilson, Brown and Barnes were ultimately selected for promotions in 2009.

On October 5, 2009, the same day that his internal appeal was denied, Plaintiff filed a grievance with the City of Albany. (Doc. 39-16.) Entra Blackmon, Defendant's EEO/Training Specialist, conducted the investigation of Plaintiff's internal complaint. (Doc. 39 ¶ 62.) As part of his report, Mr. Blackmon noted that Frank Rotondo, Executive Director of GACP, spoke with Plaintiff on November 11, 2009, regarding why Plaintiff did not make the "short list." (Doc. 39-17 at 5.) During this conversation, Mr. Rotondo told Plaintiff that Plaintiff "met the minimum qualifications, but other applicants had more training and/or experience in the supervision and management of

4

police officers." (*Id.*) Per Mr. Blackmon, Mr. Rotondo told Plaintiff that he "was qualified; however, he was not ranked as one of the highest qualified." (*Id.*) Mr. Rotondo did tell Plaintiff that he "needed more time in grade," but he said nothing regarding time-in-grade *eligibility* requirements for police captain. (*See generally id.*) At the close of his investigation, Mr. Blackmon found that there was "no indication of race discrimination" during the 2009 captain assessment. (*Id.* at 7.)

On December 7, 2010, Chief Proctor promoted Plaintiff to the rank of permanent police lieutenant. (*Id.* ¶ 6; Doc. 39 ¶ 25.) On January 7, 2011, Plaintiff filed the instant action. (Doc. 1.) On January 24, 2011, another advertisement for open captain positions was posted by the City. (Doc. 39 ¶ 120.) Defendant was served with a copy of this lawsuit on January 31, 2011. (*Id.* ¶ 121.) The closing date for the second captain position was February 24, 2011. (*Id.* ¶ 122.) Plaintiff timely submitted his application for this position. (*Id.* ¶ 127.) On July 9, 2011, Chief Proctor announced that Eddie Jones and Wendy Luster, two African Americans, were promoted to captain. (*Id.* ¶ 130.) Plaintiff was not selected to assess for the promotion to captain on this occasion, either. (*Id.* ¶ 129.)

As will be discussed more fully below, there is a dispute over which versions of the City of Albany's Standard Operating Procedures ("SOP") applied during the 2009 and 2011 promotional processes. When Plaintiff applied for the police captain position in 2009, the SOP that had been in effect since May 5, 2004, stated that to be eligible for a promotion to police captain, the "time-in-grade, education, and/or training requirements were: 1) two (2) years of continuous service in the Albany Police Department as a Lieutenant or one year of continuous service in the Albany Police

5

Department as a Lieutenant with a four (4) year college degree; 2) a four (4) year college degree. (Doc. 39-25 at 6.)

During the 2009 Assessment Process, however, Mr. Rotondo states that, as part of his screening process, he reviewed both the 2009 SOP and a document entitled "City of Albany Classification Specification." (Doc. 31-3 at 78-79 ¶ 10.) Per Mr. Rotondo, the Classification Specification document stated that the minimum qualifications for the position of police captain included: "3 years of progressively responsible managerial or command level experience in law enforcement, criminal investigations, police administration, or related field; or any equivalent combination of education, training, and experience which provides the requisite knowledge skills and abilities for this position." (*Id.*) According to Mr. Rotondo, since the 2009 SOP stated "2 years of continuous service as a Lieutenant," he decided to reconcile this conflict between the two documents by applying the "3 years of progressively responsible managerial or command level experience." (*Id.* at 79 ¶ 12.) Per Mr. Rotondo, "we applied the higher standard because it was more explicit in describing the type of experience that it was requiring, and because it was the most recently revised document applicable to the position. Thus, we considered the minimum requirement to be three years of progressively responsible managerial or command level experience in law enforcement." (*Id.*)

The record demonstrates that the SOP was revised on April 12, 2010. (Doc. 31-3 at 27-38.) The 2010 version of the SOP included the following as the "minimum qualifications for executive ranks with the Albany Police Department": 1) bachelor's degree in Criminal Justice, Social Science, Public/Business Administration, or a related field and 2) three years of management experience in local government involving law

6

enforcement, criminal investigation, police administration, or a related field; or any equivalent combination of education, training, and experience which provides the requisite knowledge, skills, and abilities for the position. (*Id.* at 32.)

The SOP was then revised again, on January 25, 2011. (Doc. 31-3 at 14-26.) In this version of the SOP, the "minimum qualifications" language regarding the three years of management experience was revised to require: "three years of *progressively responsible management experience* in local government involving law enforcement, criminal investigation, police administration, or a related field; or any equivalent combination of education, training, and experience which provides the requisite knowledge, skills, and abilities for the position."[4] (*Id.* at 32.) Mr. Rotondo states that the 2011 SOP was used to screen applicants for the 2011 screening process. (Doc. 31-3 at 80 ¶ 16.)

## III. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue

---

[4] In its brief in support of its Motion for Summary Judgment, Defendant contends that "[t]he language regarding minimum requirements for the position of police captain is identical in both policies." This does not appear to be correct. According to the Court's comparison of the different versions of the SOP, the managerial experience language was modified in 2011 to include a requirement that the management experience be "progressively responsible." There is no such requirement in the 2010 SOP.

7

and it might affect the outcome of the nonmoving party's claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *see also Allen*, 121 F.3d at 646.

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Celotex*, 477 U.S. at 322-23. The movant bears the initial burden of showing that there is no genuine issue of material fact. *See id.* at 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by pointing out to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See id.* at 322-24. Once the movant has met this burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See Cleveland v. Policy Mgmt Sys. Corp.*, 526 U.S. 795, 804 (1999); *Celotex Corp.*, 477 U.S. at 323. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or 'show that there is some metaphysical doubt as to the material facts." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 418 U.S. 574, 586 (1986).

## IV.   DISCUSSION

### A.   Motion to Suppress

Following the filing of Plaintiff's response in opposition to Defendant's Motion for Summary Judgment, Defendant filed a motion to suppress the "excerpts of uncertified deposition testimony" filed by Plaintiff. (Doc. 42.) Per Defendant, the

8

submission of these excerpts violates Federal Rule of Civil Procedure 30(f) because none of the excerpts listed "are portions of certified deposition testimony." (*Id.* at 2.)

Plaintiff filed a response to Defendant's Motion to Suppress on September 4, 2012. (Doc. 48.) Therein, Plaintiff's counsel notified the Court that she was not in possession of certified copies of any of the transcripts at issue but that Defendant was in possession of all available errata sheets for the witnesses, none of which indicate that any of the witnesses made any substantive changes to their deposition testimony. Plaintiff's counsel offered to get certified transcripts, if necessary.

In moving to suppress these deposition transcripts, Defendant has provided no substantive basis for attacking the excerpts themselves. Thus, the Court sees no need to strike these deposition excerpts in the absence of any evidence demonstrating that they fail to accurately reflect a witness's deposition testimony. Therefore, having found no such evidence, the Court **DENIES** Defendant's Motion to Suppress.

### B.     Discrimination Claim

Defendant has moved for summary judgment on the basis that Plaintiff has failed to establish a *prima facie* case of race-based discrimination or that Defendant's proffered reason for the failure to promote him in 2009 and 2011– that he did not meet the minimum qualifications–was a pretext.

When a plaintiff seeks to allege a failure to promote due to discrimination through circumstantial evidence (as is the case here since Plaintiff offers no direct evidence of discrimination), the Court is guided by the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, in order to establish a *prima facie* case of promotion discrimination, a plaintiff must show that he: 1) belongs to a protected class; 2) applied for and was

9

qualified for a promotion; 3) was rejected despite his qualifications; and 4) that other equally or less qualified employees outside his class were promoted. *Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir. 2010); *Williams v. Waste Mgmt., Inc.*, 411 F. App'x 226, 228 (11th Cir. Jan. 25, 2011) (Section 1981). "The comparators for the fourth prong must be 'similarly situated in all relevant respects.'" *Brown*, 597 F.3d at 1174.

If the claimant establishes a *prima facie* case of discriminatory failure to promote, this creates a presumption of discrimination, and the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action to rebut the presumption. *Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001). If a legitimate, nondiscriminatory reason is proffered, the burden then shifts to Plaintiff to prove that the Defendant's proffered reason is a pretext for unlawful discrimination. *Id.*

Here, Defendant argues that Plaintiff has failed to establish 1) that he was qualified for the position he sought in 2009 and/or 2011 or 2) that equally or less qualified, similarly situated individuals outside of his protected class were promoted over him in both 2009 and 2011. (Doc. 31-1 at 6-12.)

### 1. *2009 Promotion Denial*

Addressing first Plaintiff's qualifications in 2009, Defendant notes that, "[w]hen Plaintiff applied for the position of captain in 2009, Plaintiff had not been promoted to the rank of lieutenant—i.e., had not been permanently placed in the position of lieutenant by successfully completing a promotional process *unlike* the other positions that he has held in APD such as sergeant." (*Id.* at 8.) (emphasis in original). Thus, Defendant contends that Plaintiff "did not adequately hold the rank of lieutenant when

10

he applied to the position of captain in 2009. . . . Instead, LaVoie had been merely temporarily assigned to an 'acting' *status* as a lieutenant by the former Chief of Police James Younger." (*Id.*) (emphasis in original). Defendant also notes that when Plaintiff applied for the captain position in 2009, he had no managerial or command experience within the department. (*Id.*) Defendant states, however, that this was not a requirement in 2009.[5] (*Id.*) Finally, Defendant asserts that the 2009 SOP, which was used by GACP to determine qualifications for the captain position in 2009, specifically states a requirement of two (2) years of time-in-grade as lieutenant, or one (1) year with a bachelor's degree, which includes the effective date of rank to the position of lieutenant. (*Id.*) Plaintiff's effective date of rank to lieutenant is December 17, 2010. (*Id.*)

In opposition to Defendant's claim that he lacked the qualifications for a promotion in 2009, Plaintiff points to the fact that there is no "real" difference between an "acting" lieutenant and one serving as a permanent lieutenant. (Doc. 44 at 3-4.) Per Plaintiff, he received lieutenant's pay, wore lieutenant stripes, was referred to as lieutenant verbally and in documents, performed all of the duties of a lieutenant, and received a two-step pay increase. (*Id.*) Plaintiff also notes that the City's documents refer to him as "Lieutenant," not "Acting Lieutenant." (*Id.* at 3.) As to the fact that he did not become an Acting Lieutenant via the promotional process, Plaintiff notes that Defendant has failed to present evidence regarding the relevance of this discussion in terms of how promotion decisions are made. (*Id.*)

Under a strict reading of the 2009 SOP, the Court agrees with Defendant's position that Plaintiff did not appear to meet the minimum qualifications for eligibility

---

[5] *But see* discussion *supra* p. 6.

11

for a promotion to police captain.[6]  However, the Court finds that the record demonstrates that there is a genuine dispute of material fact regarding whether the 2009 SOP was actually applied to disqualify Plaintiff from consideration.  First, in support of its motion for summary judgment, Defendant submitted an affidavit from Mr. Rotondo.  (Doc. 31-3 at 76-81.)  In his affidavit, Mr. Rotondo refers to the time-in-grade requirement, but states that the GACP decided to forego applying that requirement, choosing instead to apply the requirement of "3 years of progressively responsible managerial or command level experience" as the minimum qualification in 2009.[7]  (*Id.* at 78-79 ¶¶ 10-13.)  The managerial requirement stated as follows:

> Three years of progressively responsible managerial or command level experience in law enforcement, criminal investigations, police administration, or related field; or any equivalent combination of education, training, and experience which provides the requisite knowledge skills and abilities for this position.

---

[6] In the section entitled "Eligibility for Promotion," the 2009 SOP states, under a subsection entitled "Time-in-Grade, Education, and/or Training Requirements, candidates for police caption should have:

> (a)   Time-in-Grade.  Two (2) years of continuous service in the Albany Police Department as a Lieutenant or one year of continuous service in the Albany Police Department as a Lieutenant with a four (4) year college degree.

(Doc. 31 at 85.)  Time-in-Grade is defined as "[t]he length of service in current grade based on the officer's date of rank."  (*Id.* at 81.)  "Date of rank" is further defined as "[t]he effective date of an officer's current rank."  (*Id.*)   Though Plaintiff was placed in an "Acting Lieutenant" role in 2008, Plaintiff was not *promoted* to the rank of lieutenant until December 2010.  (Doc. 31-1 at 3.)  Plaintiff contends that an employee is considered to have received a promotion when their pay changes to a higher pay level.  (Doc. 39 ¶ 111.)  However, this position is not supported by the language of the 2009 SOP.  On the contrary, the 2009 SOP states that, for officers, "[t]he effective date of an officer's current rank" is "[t]he effective date of their *promotion*."  (Doc. 39-25 at 2, II.E.3.)  Thus, how one is elevated to rank of lieutenant does appear to make a *difference* under the policy in deciding "time-in-grade."  Nevertheless, as noted above, the GACP does not appear to have applied this requirement, so the time-in-grade distinction is inapplicable to the Court's analysis.  Defendant may not succeed on a summary judgment based on a *post-hoc argument* relating to the Plaintiff's qualifications.

[7] Curiously, Defendant argues in its brief that the managerial experience was not a requirement in 2009. This fact is contradicted by Mr. Rotondo's affidavit, which clearly states that Plaintiff's "application for the Captain's position in 2009 revealed that he did not have the requisite amount of progressively responsible managerial experience required in the Classification Specification applicable to that position." Additionally, as noted previously, Mr. Rotondo stated that he applied the managerial experience as a requirement in 2009, since the requirement was listed in the Classification Specification document.  (Doc. 31-3 at 79 ¶ 12.)

12

(Doc. 31-3 at 79 ¶ 10.) If this was the standard applied to the 2009 assessment process, Defendant cannot now be allowed to argue that the time-in-grade argument disqualified Plaintiff. At the qualifications stage of the analysis, Defendant cannot defeat Plaintiff's *prima facie* case using a "qualification" that the evidence suggests was never applied.[8]

Moreover, in the memorandum denying Plaintiff's internal grievance, Chief Proctor stated that Plaintiff met the "minimum qualifications" for the position. (Doc. 39-15 at 1.) Similarly, during his conversation with Plaintiff, Mr. Rotondo also stated that Plaintiff "met the minimum qualifications." (Doc. 39-17 at 5.) Again, Defendant may not argue, for the first time at litigation, that Plaintiff did not meet the minimum qualifications for the police captain position. On the contrary, the record suggests that, prior to litigation, there was no question as to whether Plaintiff's met the *minimum* requirements for eligibility for a police captain promotion. Thus, while the 2009 SOP may be read as deeming Plaintiff ineligible, the Court will defer to Defendant's assertions that Plaintiff was *indeed* minimally qualified for the police captain position in 2009. Accordingly, the Court finds that Plaintiff met the qualifications for the position for which he applied in 2009.

Defendant also argues that Plaintiff's claim for the 2009 promotion fails because Plaintiff failed to identify an equally or less qualified, similarly situated comparator. (Doc. 31-1 at 9.) In his Amended Complaint, Plaintiff alleges that he was "denied promotions while less experienced African Americans [were] promoted over him."

---

[8] In his affidavit, in stating that the GAPC found that Plaintiff did not meet the minimum qualifications, Mr. Rotondo does note that the GACP found that Plaintiff had only been appointed as an "Acting" Lieutenant in July 2008. (Doc. 31-3 ¶ 13.) However, Mr. Rotondo's affidavit implies that this fact was merely considered in the context of determining whether Plaintiff possessed "three years of progressively responsible managerial or command level experience." (*Id.*) Notably, Mr. Rotondo did not say that Plaintiff could not have meet the more lenient "1-year + a 4-year degree" "time-in-grade" requirement. (*See generally id.*)

13

(Doc. 20 ¶ 9.) Per Plaintiff, during the 2009 hiring process, five of the six individuals selected were African American; the only white individual selected for Captain was an external candidate. (*Id.* ¶ 7.) The five internal candidates promoted in 2009 were Darrin Abner, Ryan Ward, Reginald Brown, Benita Childs, and Kendra Wilson. (Doc. 31-1 at 9.) The external candidate hired as a captain in 2009 was Russell Barnes. (*Id.* at 10.)

In arguing that none of the five internal candidates are similarly situated comparators, Defendant focuses on the years in which these individuals were promoted to lieutenant. For example, Defendant notes that Captain Abner was promoted to the rank of lieutenant on April 7, 2007. (*Id.* at 9.) Interestingly enough, it is Defendant's proffer of this first individual as a noncomparator that is sufficient for showing that Plaintiff *has* met his burden of demonstrating a *prima facie* of discrimination as to the 2009 promotion.

In his affidavit, Mr. Rotondo states that the "3 years of progressively responsible managerial or command level experience" requirement was applied during the screening process in 2009. (Doc. 31-3 at 78-80 ¶¶ 10-15.) However, in arguing that Plaintiff did not have the requisite three years of managerial experience (in the context of explaining why Plaintiff was not qualified for a promotion in 2011), Defendant contended that the three-year managerial requirement has to necessarily be read as requiring that the managerial experience have been obtained "*at the rank of lieutenant or above*." (Doc. 49 at 3-4.) Per Defendant, "the managerial or command level experience that was required for the position of captain does not begin until a police officer in the department is performing that experience at the rank of lieutenant or above." (*Id.*) Nevertheless, Mr. Rotondo's affidavit states that the three-year

14

managerial experience requirement applied to all candidates during the 2009 screening process. If Captain Abner was only promoted to the rank of Lieutenant in April 7, 2007, as this Court understands it, he could not have met the three-year managerial experience requirement *at the rank of lieutenant* because he himself had only been a lieutenant for a little over two years.⁹ The same analysis would apply to both Kendra Wilson and Reginald Brown. Both of these individuals had only been lieutenants for two years when they applied for the police captain positions in 2009. (Doc. 39 ¶¶ 80, 93; *see also* Doc. 49 at 5 n.10.)

Quite simply, Defendant has done little more than shift the goalpost during this *prima facie* stage. To demonstrate, Defendant first argued that Plaintiff did not meet the strict time-in-grade requirements to be applicable for a promotion in 2009. However, GACP, its screener, applied the more subjective "3 years of progressively responsible managerial or command level experience" requirement. After denying that this criterion applied in 2009 (despite evidence from Mr. Rotondo that it did indeed apply in 2009), Defendant then argued that, when the three-year managerial experience requirement did apply later in 2011, Plaintiff did not meet this requirement because his managerial experience did not take place *at the rank of lieutenant*. The problem with construing the managerial experience requirement in this manner is that there is evidence demonstrating that 1) the three-year managerial experience requirement *did* apply in 2009 and 2) African American candidates were selected in 2009 who did not have this level of experience *at the rank of lieutenant*; in fact, of the five African-

---

⁹ Defendant notes that both Abner and Wilson were placed in "acting" commander positions prior to being promoted to captain. (Doc. 49 at 5.) Defendant notes that the position of commander is analogous to the position of captain. (*Id.* n.11.) This fact does not change the Court's analysis, however. Abner became an "acting" commander on or about April 15, 2008. (Doc. 31-3 at 47 ¶ 19.) Thus, even when he applied for the promotion in 2009, he still would not have had the requisite three years of experience "at the lieutenant rank *or above*."

15

American candidates promotion, three—Darrin Abner, Kendra Wilson, and Reginald Brown—had been lieutenants for less than three years when they were promoted in 2009.

After reviewing the parties' briefs, it is unclear to this Court what standards *were applied* in 2009, and as such, the Court finds that there is evidence demonstrating that arguably similarly situated candidates did not have the requisite amount of experience in 2009 but were selected for a promotion nonetheless.  Therefore, as to 2009 promotion denial, the similarly situated prong is met.  Thus, Plaintiff has established a *prima facie* case of race discrimination in connection with the 2009 promotion denial.

The establishment of the *prima facie* case is just one hurdle for plaintiffs seeking to establish that there are genuine issues of disputed material fact sufficient to defeat summary judgment.  A Defendant can still show it is entitled to judgment as a matter of law if it can show that it had a legitimate, nondiscriminatory reason, *to wit*, "a non-discriminatory rationale."  *Brown v. Am. Honda Motor Co., Inc.*, 939 F.2d 946, 951 (11th Cir. 1991).  Here, Defendant argues that even if the Court finds that Plaintiff has established a *prima facie* case of discrimination, evidence shows that Plaintiff was not promoted to police captain in 2009 because "he was not fully qualified for the position."  (Doc. 31-1 at 11.)  Despite the fact that the Court has found that it is unclear what the qualifications for police captain were at the time Plaintiff was considered, the Court will accept this as a legitimate, nondiscriminatory reason and move on to Plaintiff's pretextual arguments.

Plaintiff argues that he can establish pretext through qualifications alone.  To show a discriminatory intent, Plaintiff argues that he had "superior qualifications" as compared to Abner, Wilson, and Brown.  (Doc. 44 at 11-12.)  However, the Court

16

disagrees that this is an assertion supported by the record. At base, Plaintiff does not dispute that, when these individuals applied for the position of police captain in 2009, all three individuals had been lieutenants longer than he. Abner was promoted to lieutenant in April 2007 (Doc. 39 ¶ 86); Wilson in June 2007 (*id.* ¶ 80); and Brown in June 30, 2007 (*id.* ¶ 93). Plaintiff was not appointed to the role of lieutenant until July 2008. Thus, the Court disagrees that "the disparities between the successful applicant's and his own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff."[10] *Springer v. Convergys Cust. Mgmt. Group, Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004)).

Nevertheless, the Court does, however, find that Defendant's "shifting" rationales for refusing to promote Plaintiff are sufficient for raising an inference of discrimination. When a defendant has proffered a legitimate, nondiscriminatory reason for its employment decision, a plaintiff "may demonstrate that [Defendant's] reasons were pretextual by revealing 'such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [Defendant's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence.'" *Springer*, 509 F.3d at 1348-49 (quoting *Cooper*, 390 F.3d at 725). To show that Defendant's reasons for his 2009 promotion denial were pretextual, Plaintiff points to the conflict between the reasons given by Mr. Rotondo and Chief Proctor versus the reasons given in-litigation. (Doc. 44 at 13.) The Court, having similarly alluded to the conflicting

---

[10] The Court does not believe that this finding is wholly consistent with the fact that the Court found that Plaintiff met the similarly situated prong during the *prima facie* stage. During that stage of the Court's analysis, the Court found that Defendant had unfairly shifted the qualifications post-litigation such that Plaintiff was prejudiced in his attempt to proffer a similarly situated comparator.

17

evidence present in Defendant's own evidentiary submissions, finds that these conflicts are sufficient to raise an inference of discrimination.

The Eleventh Circuit has found that a failure to articulate "clearly and consistently the reason for [the employment decision] may serve as evidence of pretext." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006). Consequently, Defendant's "shifting of the goalpost"—i.e., stating that Plaintiff met the minimum qualifications pre-litigation but then arguing that he did not for the purposes of obtaining summary judgment—cannot simply be ignored. *See, e.g., Corbin v. Southland Int'l Trucks*, 25 F.3d 1545, 1550 (11th Cir. 1994) (reversing grant of summary judgment on pretextual grounds where decisionmaker's own contemporaneous memoranda did not support his subsequent explanation of the disparate treatment).

At the pretextual stage, the conflicts present in Defendant's reasoning are highly relevant because they reveal that of the five internal candidates given the promotion in 2009—all of whom were African American—three would not have made it pass the screening process themselves if 1) the three-year managerial experience requirement *did* apply in 2009 and 2) it was applied as Defendant contends it was supposed to apply— the three years of managerial experience required is supposed to be obtained *at the rank of lieutenant*. As noted previously, the facts show that Abner, Brown and Wilson had only been lieutenants two years when they all applied for the position of police captain in 2009. Therefore, the fact that Plaintiff was allegedly not considered because he did not have three years of managerial experience at the lieutenant rank, while others were not similarly disqualified, is evidence from which a jury could infer discrimination. Thus, there exist genuine disputed issues of material fact related to the criteria applied in 2009 and to whom the criteria was applied. Accordingly, Defendant is not entitled to

18

summary judgment as to Plaintiff's race discrimination claim for 2009 promotion denial.

### 2. *2011 Promotion Denial*

Contrary to his 2009 promotion denial, the Court finds that Plaintiff has failed to establish a *prima facie* case of discrimination in relation to his 2011 promotion denial. Specifically, the Court finds that Plaintiff has failed to submit a similarly situated comparator. In 2011, two internal candidates, Wendy Luster and Eddie Jones, were promoted to the rank of Lieutenant. (Doc. 31-1 at 10.) During the 2011 promotion, all parties appear to agree that the three-year managerial experience requirement was used. When she was promoted in 2011, Captain Luster had been a lieutenant since January 2008. (*Id.*) When he was promoted to police captain in 2011, Captain Jones had been a lieutenant since January 2002. (*Id.*) Even if one accepts Plaintiff's argument that his promotion to lieutenant became effective July 2008, according to Plaintiff's version of the facts, the closing date for the 2011 police captain position was February 24, 2011. (Doc. 39 ¶ 122.) By February 24, 2011, both Captains Luster and Jones not only had at least three years of managerial experience, they had three years of managerial experience at the *Lieutenant* level. Additionally, their dates of rank as Lieutenant preceded Plaintiff's. Therefore, even viewing the facts in the light most favorable to Plaintiff, the Court does not find that Plaintiff has shown that either of these candidates was "equally or less qualified" than Plaintiff. Accordingly, Plaintiff has not shown a *prima facie* case of discrimination of race discrimination in relation to the 2011 promotion denial.

Similarly, because Plaintiff cannot show that he had qualifications superior to Captain Luster's, Plaintiff's retaliation claim fails as well. Even assuming that Plaintiff

19

has established a *prima facie* case of discrimination, Plaintiff has sought to rebut Defendant's reasoning as pretextual on the basis that he had superior qualifications as compared to Ms. Luster.  However, as noted above, Ms. Luster's three years of managerial experience as a lieutenant belie any finding that she was less qualified than Plaintiff.  Accordingly, Plaintiff's retaliation claim also fails as a matter of law.

## V.     CONCLUSION

For the following reasons, Defendant's Motion for Summary Judgment (Doc. 31) is **GRANTED-IN-PART and DENIED-IN-PART**.  Defendant's Motion is denied as to Plaintiff's race discrimination claim related to his 2009 promotion denial. Defendant's Motion is granted as to Plaintiff's race discrimination claim related to his 2011 promotion denial and his unlawful retaliation claim.

Accordingly, the Court will set this case for jury trial as to Plaintiff's race discrimination claim related to his 2009 promotion denial for the June 2013 Trial Term by separate Order.

**SO ORDERED**, this  20th   day of March, 2013.

>                /s/ W. Louis Sands
> **THE HONORABLE W. LOUIS SANDS,**
> **UNITED STATES DISTRICT COURT**